IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHRISTINA BASS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CARMAX AUTO SUPERSTORES, )<br>INC., )<br>)<br>Defendant. ) | Case No. 07-0883-CV-W-ODS |

ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO REMAND
AND GRANTING THE PARTIES' JOINT MOTION FOR EXTENSION OF TIME

Pending is Plaintiff's Motion to Remand. The Court concludes the amount in controversy exceeds $5 million, so the motion (Doc. # 6) is denied. Defendant's Motion for Leave to File Surreply (Doc. # 15) is also denied.

Defendant is a Virginia corporation authorized to do business in Missouri, and engages in the business of selling cars to the public. Plaintiff, a Missouri citizen, purchased a car from one of Defendant's dealerships located in Independence, Missouri. Defendant also provides financing for the purchases, and Plaintiff financed her purchase through Defendant. Defendant allegedly charges a fee of $149 for the preparation of the financing documents. Complaint, ¶¶ 12-14.

Plaintiff has brought suit on behalf of herself and also seeks certification of a class of other Missouri residents "who were charged and who paid a Document Preparation Fee by Defendant in the sale and/or financing of an automobile(s)." Complaint, ¶ 19. She has asserted two claims on behalf of herself and the class. Count I asserts a claim for the unauthorized practice of law as permitted by section 484.020 of the Revised Missouri Statutes. This provision allows a person to recover treble damages. Count II asserts a claim under the Missouri Merchandising Practices Act ("MMPA") under a theory that charging the fee "is a deceptive and unfair practice" prohibited by section 407.020. In a private action under the MMPA, the court can award actual damages, punitive damages, and attorney fees. Mo. Rev. Stat. § 407.025.

Defendant removed the case to federal court, alleging jurisdiction existed under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).[1] CAFA allows for federal jurisdiction in a case if any member of the class is a citizen of a state different from any defendant's state of citizenship and more than $5 million is in controversy. There is no dispute that this case constitutes a class action within the meaning of the statute, nor is there any dispute that there is diversity of citizenship between at least one member of the class and Defendant. The sole issue is whether more than $5 million is in controversy.

Defendant is invoking federal jurisdiction, so it bears the burden of demonstrating jurisdiction exists. See Smith v. Nationwide Property & Casualty Ins. Co., 505 F3.d 401, 404-05 (6th Cir. Oct. 1, 2007) (holding, and citing cases holding, that CAFA does not shift the burden of demonstrating federal jurisdiction exists to plaintiffs in removal cases); Evans v. Walter Indus., 449 F.3d 1159, 1164 (11th Cir. 2006). This burden does not require Defendant to definitively establish the amount of damages, but instead requires Defendant to demonstrate a fact finder might legally award the class more than $5 million. E.g., James Neff Kramper Family Farm Partnerhsip v. IBP, Inc., 393 F.3d 828, 833 (8th Cir. 2005); Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002). Punitive damages are included in the amount in controversy, but claims for punitive damages are to "be given closer scrutiny" than the assertion of actual damages because they are speculative in nature and often overstated (or sought when unavailable). E.g., State of Mo. ex rel. Pemiscot County v. Western Sur. Co., 51 F.3d 170, 173-74 (8th Cir. 1995); Larkin v. Brown, 41 F.3d 387, 388-89 (8th Cir. 1994). Attorneys fees are included if they are an element of the recovery under the governing statute. E.g., Crawford v. F. Hoffman-La Roche, Ltd., 267 F.3d 760, 766 (8th Cir. 2001).

---

[1] Defendant also contends jurisdiction exists over Plaintiff's personal claim, and the Court may exercise supplemental jurisdiction over the claims of the rest of the class. In light of the Court's conclusion that jurisdiction exists under CAFA, there is no need to address this alternative argument.

In this interesting conflict over the amount in controversy,[2] Defendant has submitted an affidavit demonstrating that between November 7, 2005, and November 7, 2007, a total of 4,419 Missouri residents paid the document preparation fee of $149. Thus, total actual damages would be $658,431. Focusing for the moment on Count II and the availability of punitive damages, an award of slightly less than $4.4 million – or approximately 6.7 times the actual damages – would bring the total award to over $5 million. Such an award would likely be constitutionally acceptable; more importantly, the Court cannot say such an award is legally impermissible. It is also within the range of jury awards generally and specifically with respect to claims involving automobile dealers' sales practices. Of course, Defendant need not rely only on the potential for punitive damages to satisfy the jurisdicitonal requirement: the MMPA also allows for recovery of attorney fees, and the total of punitive damages and attorney fees could easily (and legally) be sufficient to bring the total amount in controversy over the jurisdictional requirement.

Plaintiff argues that the class could not recover both the treble damages under Count I and the punitive damages under Count II. Assuming (without deciding) this is true, the class would obviously prefer the greater of the two sums, so if punitive damages exceed three times the actual damages, that is the amount that would be awarded.

Plaintiff also relies on her "stipulation," appearing in her Complaint, that "damages in this case, including, but not limited to all fees, costs, statutory penalties, punitive damages and all other damages shall not exceed $5,000,000." Complaint, ¶ 6. As master of her Complaint, Plaintiff is free to file suit seeking less than the jurisdictional amount, and such an effort would be binding and preclude removal. E.g., Rogers v.

---

[2]Plaintiff chastises Defendant for enlarging the potential recovery, which is a position seemingly against its overall interest yet still necessary in order to establish jurisdiction. Of course, Plaintiff is in the opposite situation: she has attempted to minimize the potential recovery – a position contrary to her (and the class's) ultimate interest, yet necessary to contest jurisdiction. The seemingly harmful positions are a necessary result of the law regarding jurisdiction and the Court faults neither side for the position it has taken.

3

Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000). However, Plaintiff is not merely asserting her claims: she is also asserting the claims of a class. Plaintiff has no right to limit or compromise the recovery of the class without Court approval, particularly before she has even been approved as a representative for the class.

Finally, Plaintiff's counsel has offered to limit the fee award to insure that less than $5 million is recovered. There are three problems with this effort. First, jurisdiction is to be assessed at the time the suit is removed, and post-filing events can neither create nor destroy jurisdiction. IBP, Inc., 393 F.3d at 834 ("[O]ur jurisdictional inquiry focuses on the claims made at the time of removal, such that certain subsequent events – for example, the dismissal of one or more claims or parties – do not divest us of jurisdiction . . . ."); see also Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000) ("post-removal affidavits, stipulations, and amendments reducing [the amount in controversy] do not deprive the district court of jurisdiction."). Second, it is not clear that counsel is agreeing to limit the total fees recovered, which leaves open the possibility that counsel could seek to make up any shortfall by seeking to recover from the class's recovery – a maneuver that would be contrary to the class's interests. Finally, even if counsel were to work entirely pro bono and seek neither a fee award nor recovery of fees from the class, it is legally possible for the amount of punitive damages to be sufficient to make the total amount in controversy more than $5 million.

The Court concludes that a factfinder could legally award more than $5 million on Count II of the Complaint. Therefore, the Motion to Remand is denied.

The parties' Joint Motion for Extension of Time (Doc. # 16) is granted. The Joint Proposed Scheduling Order and Trial Plan shall be filed on or before March 6, 2008.

IT IS SO ORDERED.

DATE: February 14, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT