IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHRISTINA BASS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-0883-CV-W-ODS |
| ) | |
| CARMAX AUTO SUPERSTORES, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

<u>ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND DIRECTING PARTIES TO FILE STATUS REPORTS</u>

Pending is Defendant's Motion to Compel Arbitration. After considering the parties' arguments, the Court concludes the motion (Doc. # 18) should be granted.

<u>I. BACKGROUND</u>

Plaintiff filed this suit on behalf of herself and an as-yet uncertified class of other Missouri residents "who were charged and who paid a Document Preparation Fee by Defendant in the sale and/or financing of an automobile(s)." Complaint, ¶ 19. The Complaint asserts charging the fee violated (1) statutes prohibiting the unauthorized practice of law and (2) the Missouri Merchandising Practices Act. Defendant removed the case to federal court, asserting jurisdiction existed due to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). In February 2008, the Court denied Plaintiff's Motion to Remand.

Defendant then filed a Motion to Compel Arbitration. The underlying transaction between the parties produced two documents, a Retail Installment Contract and a Buyer's Order and Bill of Sale. Both documents contain arbitration provisions that are

similar (but not identical).[1]  In the interest of brevity, the Court will quote provisions from the Retail Installment Contract.

The parties agreed that "Claims" could be arbitrated.  "Claims" include "any claim, dispute or controversy . . . that in any way arises from or relates to this consumer credit sale and/or the purchase your are financing by way of this Contract."  The agreement specifies that the term "has the broadest possible meaning and includes . . . disputes based upon contract, tort, consumer rights, fraud and other intentional torts [and] also includes disputes based on constitutional, statutory, regulatory, ordinance based, or similar grounds."  Finally, a claim "includes disputes about the validity, enforceability, arbitrability or scope of this Arbitration Provision or this Contract."  There is an exception to this proviso, however: the agreement purports to waive the parties' right or ability to participate in a class action, and "[n]otwithstanding any other part of this Arbitration Provision, the validity and effect of the Class Action Waiver must be determined only by a court and not by an arbitrator.  If a court limits or voids the Class Action Waiver, then this entire Arbitration Provision (except for this paragraph) shall be null and void."

## II.  DISCUSSION

The Federal Arbitration Act ("FAA") provides that "a written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and

---

[1] One potentially significant difference is that the Retail Installment Contract precludes arbitration of matters filed in Small Claims Court, while the Order and Bill of Sale precludes arbitration of "demands for monetary relief" that are less than $15,000. The former provision does not apply in this case, while the latter may apply and render the matter unarbitrable.  Plaintiff focuses on her individual claim to argue that her claim is not arbitrable, while Defendant focuses on the claim of the class (which won't be permitted if the class waiver is enforceable) to argue the claim exceeds $15,000.  As will be discussed, arbitrability is a matter for the arbitrator to decide, so there is no need for the Court to delve into this interesting issue.

2

enforceable." 9 U.S.C. § 2.  The central purpose of the FAA is to ensure "that private agreement[s] to arbitrate are enforced according to their terms."  Mastobuono v. Shearson-Lehman Hutton, Inc., 514 U.S. 52, 54 (1995).  The FAA sets forth a "liberal federal policy favoring arbitration agreements."  Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24 (1983).  The very existence of an arbitration clause creates a "presumption of arbitrability" that should be controlling unless there is "positive assurance" that the contract cannot be interpreted to include the particular dispute at issue.  Daniel Constr. Co. v. Local 257, IBEW, 856 F.2d 1174, 1181 (8th Cir. 1988).

      Plaintiff offers three arguments against Defendant's motion, none of which the Court finds availing.  First, Plaintiff argues her claims do not fall within the arbitration clause because they do not qualify as "Claims" within the meaning of the contract or they are excepted out because of their value (as discussed in footnote 1).  These matters are not to be resolved in court.  When the parties explicitly agree (as they have in this case) that the arbitrator shall decide whether the dispute is arbitrable, courts are obligated to honor that provision.  E.g., Express Scripts, Inc. v. Aegon Direct Marketing Services, Inc., 516 F.3d 695, 701 (8th Cir. 2008).  Second, Plaintiff argues that only Missouri courts can decide whether conduct constitutes the unauthorized practice of law.  While the Missouri Supreme Court made a statement to this effect, it was discussing its role *viz a viz* the legislature's; it did not purport to discuss whether a dispute could be submitted to an arbitrator, and nothing it said can be interpreted as precluding arbitration of a private dispute.  See Eisel v. Midwest BankCentre, 230 S.W.3d 335, 338-39 (Mo. 2007) (en banc).  More importantly, it is the arbitrator's duty to apply the law, regardless of its source.  There are many contexts in which one branch of government is obligated to apply a particular law, and there are many contexts in which one branch of government is primarily obligated to address the law in a given area.  These observations do not preclude an arbitrator from deciding a dispute between private parties who agree to arbitrate; otherwise, no arbitrator could decide anything because arbitrators are not ceded any governmental power.  Moreover, this "hostility toward arbitration" is the very reason the FAA exists.

3

Finally, Plaintiff argues (1) the class action waiver is unenforceable, rendering the entire agreement invalid according to its terms and (2) the agreement to arbitrate is unenforceable in any event. The Court disagrees. An agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Plaintiff argues the contract is an adhesion contract or is otherwise unconscionable.[2] The Court disagrees. "An adhesion contract is a form contract created by the stronger of the contracting parties. It is offered on a 'take this or nothing' basis. Consequently, the terms of the contract are imposed upon the weaker party who has no choice but to conform. These terms unexpectedly or unconscionably limit the obligations and liability of the drafting party." Robin v. Blue Cross Hosp. Service, Inc., 637 S.W.2d 695, 697 (Mo. 1982) (en banc) (citations omitted). Accepting that Defendant had greater bargaining power than Plaintiff, Plaintiff was not obligated to execute the contract because there are a multitude of other (1) sellers of used cars and (2) sources of financing for used cars. Cf. id. ("[W]eaker parties are often unable to look elsewhere for more attractive contracts. Such is not true in this case. There are literally hundreds of [vendors] available to the consumer."). Plaintiff was not obligated to buy a car from Defendant, was not obligated to finance the purchase, and was not obligated to obtain financing from Defendant. The mere fact that the contract was a "form contract" and is used in all of Defendant's transactions – even if on a "take it or leave it" basis – does not make the contract unenforceable. E.g., Swain v. Auto Services, Inc., 128 S.W.3d 103, 107 (Mo. Ct. App. 2003); Hartland Computer Leasing Corp. v. Insurance Man, Inc., 770 S.W.2d 525, 527 (Mo. Ct. App. 1989).

Plaintiff also argues that an arbitration clause prohibiting class actions is unconscionable. This is not entirely correct. In some cases, such a provision is unconscionable; it depends on other circumstances. For instance, in Whitney v. Alltel Communciations, Inc., the Missouri Court of Appeals considered the arbitration clause's

---

[2]Plaintiff has not argued she was subjected to high pressure sales tactics, misrepresentations, or other conduct that would constitute procedural unconscionability. Cf. State ex rel. Vincent v. Schneider, 194 S.W.3d 853, 858 (Mo. 2006) (en banc).

4

prohibition on class actions along with other limitations on a plaintiff's remedy in concluding the arbitration clause was unenforceable. 173 S.W.3d 300, 308-09 (Mo. Ct. App. 2005). The court did not hold that the prohibition on class actions, alone, would have been sufficient to render the clause unconscionable.

Considering the arbitration agreement in its entirety, the Court concludes it does not insulate Defendant from claims. There are provisions for Defendant to pay the costs of the arbitration,[3] and there are no limits on a claimant's ability to obtain relief. These two characteristics distinguish cases in which Missouri courts have invalidated arbitration provisions. E.g., State ex rel. Vincent v. Schneider, 194 S.W.3d 853, 858-61 (Mo. 2006) (en banc); Whitney, 173 S.W.3d at 311-14. Plaintiff can obtain full and complete relief either in small claims court (in which case arbitration could not have been compelled) or in arbitration by virtue of the fee provisions contained in the parties' contract. All of Defendant's customers' are unable to vindicate their rights in this proceeding, but that fact, alone, will not render the parties' agreement unconscionable.

### III. CONCLUSION

For these reasons, Defendant's Motion to Compel Arbitration is granted. This case is stayed until (1) the arbitrator concludes Plaintiff's claims are not arbitrable or (2) the arbitrator issues a ruling that one or both parties wish to have confirmed. The

---

[3]The Retail Installment Contract provides Defendant "will pay these fees if required by applicable law, or if otherwise necessary to insure that this Arbitration Provision is enforceable . . . If we require a Claim to be arbitrated, we will pay or reimburse you for up to $1000 in fees that would otherwise be charged to you by the Administrator. However, . . . . you may tell us in writing that you are unable to pay the fees charged by the Administrator or that you believe those fees to be excessively high. If you do so, we will pay or reimburse you for up to all of the fees that would otherwise be charged to you by the Administrator if your request is reasonable and in good faith." The Court notes the Missouri Merchandising Practices Act contains a cost-shifting provision, so if Plaintiff prevails on this claim the arbitrator could order Defendant to pay all the fees as "required by applicable law."

5

parties shall file a Joint Status Report on or before October 10, 2008, and every sixty days thereafter.
IT IS SO ORDERED.

                                                /s/ Ortrie D. Smith
                                                ORTRIE D. SMITH, JUDGE
DATE: July 9, 2008                            UNITED STATES DISTRICT COURT